

**IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA**



DISTRICT COURT
F I L E D

NOV - 2 2021

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| **CLIFF HERRINGTON, an individual,** ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | **CJ-2021-03141** |
| v. ) | Hon. Judge |
| ) | **REBECCA NIGHTINGALE** |
| **WAL-MART STORES EAST, LP d/b/a** ) | |
| **WAL-MART, a foreign limited** ) | |
| **partnership,** ) | Jury Trial Demanded |
| ) | Attorney Lien Claimed |
| Defendant. ) | |

## PETITION

COMES NOW, the Plaintiff, Cliff Herrington, by and through his counsel of record, and for his cause of action against the Defendant, Wal-Mart Stores East, LP d/b/a Wal-Mart (hereinafter "Wal-Mart" or "Defendant"), states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages to redress deprivation of rights secured by the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601, *et seq.*) (hereinafter "FMLA").

2. The Plaintiff, Cliff Herrington, is a resident of Oklahoma and resides in Tulsa County, Oklahoma. The Plaintiff was an at-will employee of the Defendants.

3. Defendant, Wal-Mart Stores East, Inc., d/b/a Wal-Mart (hereinafter "Wal-Mart" or "Defendant") is a foreign for-profit corporation doing business in Tulsa County, Oklahoma and employing more than fifty employees.

4. The injuries that are the subject of this dispute occurred in Tulsa County, Oklahoma.

5. This Court has jurisdiction and venue is proper in Tulsa County, State of Oklahoma.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff incorporates as if re-alleged all preceding paragraphs.

7. Plaintiff was a full time employee for Defendant at the time the incidents giving rise to this claim occurred, working more than 1250 hours in the preceding 12 month period.

8. Plaintiff's wife was seriously ill in December 2019 after falling and hitting her head. He reported his wife's illness to Defendant on December 23, 2019 and requested to be absent from work to care for her.

9. Defendant subsequently terminated Mr. Herrington for accruing .5 "points" over the allotted total points under Defendant's attendance policy. Defendant gave Mr. Herrington 2 points for missing work on December 23, 2019, despite knowing his wife was seriously ill and Mr. Herrington needed to care for her.

10. Mr. Herrington's spouse subsequently passed away in May 2020.

11. Mr. Herrington was entitled to FMLA leave at the time he requested to be absent on December 23, 2019 and he placed Defendant on notice of his need for FMLA leave by reporting his wife's serious illness to Defendant.

12. Rather than provide Mr. Herrington with necessary FMLA leave, Defendant terminated his employment on January 1, 2020 under the guise of accrued unexcused absences in violation of Defendant's policy.

## FIRST CLAIM FOR RELIEF
## INTERFERENCE AND RETALIATION IN VIOLATION OF
## FMLA (29 U.S.C. § 2615(a)(1) and (2)

1. Plaintiff incorporates as if realleged Paragraphs 1-12.

2. By interfering with Plaintiff's FMLA rights, failing to provide protected leave under the FMLA when Plaintiff qualified for it, and terminating him shortly after he requested leave to

care for his ailing spouse, the Defendant has interfered with Plaintiff's right to protected leave under the FMLA and retaliated against the Plaintiff in violation of the FMLA, 29 U.S.C. § 2615(a)(1) and (2).

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement

b. Liquidated damages for his mental anguish, pain and suffering and other non-pecuniary losses;

c. His attorney fees and the costs and expenses of this action;

d. Such other relief as the Court deems just and equitable.

WHEREFORE, based on the foregoing, the Plaintiff prays that this Court grant him the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, liquidated damages, reasonable attorney's fees, injunctive relief, and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN & ROYTMAN PLLC

Daniel E. Smolen OBA#19943
Leslie K. Briggs, OBA #33845
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
Attorneys for Plaintiff